UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-10029-CR-Martinez/Garber

UNITED STATES OF AMERICA,

v.

DANIEL ROCHELA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Jose M. Martinez for a Report and Recommendation "as to the appropriateness of Defense Counsel's CJA Voucher."

### FACTUAL BACKGROUND AND DISCUSSION

The defendant Rochela was charged by Indictment in Counts 1, 9, 30, and 60. Count 1 charged him with conspiracy to encourage or induce an alien to come to, enter, and reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv); Counts 9 and 30 charge substantive counts of encouraging and inducing two individual aliens to come to, enter, and reside in the United States, in violation of 8 U.S.C. § 8 U.S.C. 1324(a)(1)(A)(iv) and 18 U.S.C. § 2; and Count 60 charges the defendant with knowingly aiding and assisting an inadmissible alien, previously convicted of an aggravated felony, to enter the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Ana M. Davide, Esquire, was appointed on October 25, 2013 to represent the defendant pursuant to the Criminal Justice Act. Her representation of the defendant was concluded in July 2014.

Ms. Davide is seeking an award of $23,726.80 for attorney's fees and costs, such amount being in excess of the statutory maximum allowance of $9,800.00 for representation in a non-capital case. Ms. Davide submitted a memorandum in support of her fee application as required for fees in excess of the statutory cap.

The Criminal Justice Act supports the concept that counsel should be compensated reasonably and, if necessary, in excess of the cap, where counsel's work involved complex issues and the representation was extended. A case my be deemed to be extended if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *United States v. Hernandez*, 2010 WL 3199727 (S.D. Fla 2010). This cause required a "substantial investment of time" qualifying the case for fees and costs as an "extended" matter. *United States v. Bailey*, 581 F. 2d 984,987 (D.C. Cir. 1978). The Court finds that this cause was indeed both complex and extended.

## Criminal Justice Act and Its Administration

Guidelines for Administering the Criminal Justice Act (CJA) were developed by the United States Judicial Conference to aid the courts in the application of the CJA. The Guidelines provide *inter alia* that judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation as provided." *Section 630.20 of the Guidelines*. The CJA, at 18 U.S.C. § 3006A(d)(1) provides that at the conclusion of counsel's representation, she shall be compensated for time expended in court

and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court has the authority to assess reasonable expenses and reasonable use of billable time. In order for an award of fees and costs to exceed the maximum permitted by statute, the court must certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). The court must also find that the amount sought is necessary to provide counsel with fair compensation.

The Indictment charged the defendant and 9 others with violations as referenced above. The defendant maintained his claim of innocence, thus requiring Ms. Davide to prepare for trial. Extensive discovery was produced, over 16 CDs containing hundreds of pages of documentation, photographs, recorded conversations and video, requiring a substantial amount of time in its examination and evaluation by Ms. Davide and the defendant. She also engaged in plea negotiations with the government on several instances, not resulting in a guilty plea since the defendant always protested his innocence and wished to proceed to trial. In addition, because of the defendant's inability to understand English, the use of a Spanish interpreter was required, thus adding to the time expended by Ms. Davide in preparation for trial. The nature and number of the charges required counsel and the interpreter to expend more time, skill, and effort than is normally required in an average case in order to convey to the defendant all aspects of the case including issues of defense, discovery materials, anticipated witness testimony, an explanation of the applicable law in the case, and potential sentence exposure. In addition, Ms. Davide interviewed defense witnesses that she anticipated calling at trial. All of such factors *inter alia* go into the classification of this case as complex as well as extended. Accordingly, the Court finds that the representation provided by Ms. Davide was indeed complex and extended.

3

Ms. Davide's voucher for compensation was reviewed by the Court's CJA Administrator, who has reduced or eliminated certain claims for meals, travel time, and other expenses. The Court has also carefully examined and considered the voucher, and finds that the changes made by the CJA Administrator were appropriate and are adopted by the court.

The Court finds that Ms. Davide's voucher as to time expended is entirely appropriate given the Court's finding that the case is indeed complex and extended. An examination reveals no claims for excessive expenditures of time and that all times claimed were reasonable and necessary. The trial in this cause commenced in Key West, Florida on February 24, 2014 and consumed six trial days, and was concluded on March 4, 2014, when a verdict of guilty as to all counts was returned by the jury. Ms. Davide appeared for the sentencing on July 1, 2014.

The Court finds that her claim for in-court time of 41.90 hours is clearly appropriate and justified. Her claims, as to out of court time, given the substantial amount of discovery, necessary time for interviews and conferences, legal research and writing, are reasonable and for necessary legal work. The Court further finds that the amount sought is necessary to provide counsel with fair compensation.

Ms. Davide is an excellent and skilled attorney who has handled this matter in a highly professional manner and should receive the attorney's fees and costs which she seeks.

## **CONCLUSION AND RECOMMENDATION**

Upon due consideration, the undersigned respectfully recommends that Ana M. Davide, Esquire, CJA counsel, be awarded the sum of $23,726.80 as and for reasonable attorney's fees, costs and expenses, said amount being reasonable for necessary and legal tasks performed for the defendant.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Jose M. Martinez. See 28 U.S.C. § 636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 5th day of December 2014.

*Barry L. Garber*
UNITED STATES MAGISTRATE JUDGE